19920. HARDIN *v.* THE STATE.

530

DECIDED NOVEMBER 13, 1929.

*J. H. Milner*, for plaintiff in error.

*D. D. Smith*, solicitor, contra.

LUKE, J. The accusation in this case charges that after having given W. L. Jessup & Sons a mortgage for $500 on two certain mules, W. S. Martin "did unlawfully run, remove, hide, and so dispose of said mules . . so as to hinder, delay, and prevent the levying officer of Dodge County from levying on said mortgaged mules aforesaid by virtue of the foreclosure of said mortgage aforesaid, to the loss and damage of said W. L. Jessup & Sons in the sum of about $400." The defendant was convicted, his motion for a new trial, based upon the general grounds and one special ground, was overruled, and he excepted.

The gist of the case is this: At about 11 o'clock a. m., the defendant had a load of household goods on a two-horse wagon at the place where he lived. When the levying officer visited the same place in the afternoon of the same day to levy on the mules described in the accusation he found no one home, and saw no furniture in the house. In the lot were the two mules sold defendant by W. L. Jessup & Sons, and some cows and hogs, but the two mules described in the accusation were neither in the lot nor in the field. On the same day the warrant was sworn out the defendant told the officer that the two mules described in the accusation had gotten out of the lot a night or so before the officer went to make his levy, and that he did not know where they were. The defendant stated that he had offered to deliver all four of the mules to W. L. Jessup & Sons, but that his offer was refused by W. L. Jessup, who said he would foreclose the paper and hold the defendant liable for the balance of the debt. The defendant further stated that the two missing mules got out two or three nights before the officer went to levy on them, and that he had not been able to locate them, and did not know where they were at the time of the trial. W. L. Jessup

testified that he had refused to accept the four mules in settlement of the mortgage, because the defendant told him that one of the mules was crippled and practically worthless, but that after he found that the said mule was not badly hurt, he told the defendant that he would accept all four of the mules in settlement of the debt. The entry of levy recited that the officer had made diligent search for the two mules described in the fi. fa. and did not find them at the defendant's home, and that the defendant failed and refused to deliver the said property to him.

In so far as the general grounds of the motion for a new trial are concerned, we shall only say that the mysterious and continued disappearance of the mules, together with the other evidence in the case, was, in our judgment, sufficient to warrant a conviction under section 1 of the act of 1918 (Ga. L. 1918, p. 262; Park's Code Supp. 1922, vol. 11, § 723(b)).

The only special ground of the motion for a new trial alleges that the court erred in charging as follows: "When search has been made in any of said cases by the levying officer for the purpose of levying said foreclosure, and the property described therein is not found at defendant's home, and then if defendant fails or refuses to direct said levying officer to said property, the said officer shall enter a nulla bona; and the testimony of the officer or the entry of nulla bona, when properly proven, shall shift the burden of proof on defendant." The foregoing charge is objected to on the grounds: (1) That it is without evidence to support it; (2) that it was not adjusted to the issues of the case; (3) that it was based on a theory and contention of the State which was not sustained by the evidence; (4) that it placed upon movant the burden of proof to demonstrate his innocence, when there was no evidence that the officer had searched for the property at the home of movant. None of these contentions is good. The defendant was moving on the day of the levy, but whether or not he had completed that process was, under the evidence, a jury question. No witness testified that the defendant had changed his place of residence. Indeed, the defendant himself was entirely silent upon that question. There is evidence that the levying officer looked in the lot and in the defendant's field for the missing mules, and that they could not be found. The defendant himself stated to the jury that he had not been able to locate them up to the day of his trial. For no

reason assigned did the judge err in charging as he did. Ga. L. 1918, p. 263; Park's Code Supp. 1922, § 723(c).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*